UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Lynchburg Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 6:14-cv-00005 |
| Plaintiff, | ) | |
| v. | ) | |
| WILLIAM L. WALLIS, | ) | |
| Defendant. | ) | |

AMENDED DECLARATION OF GARY M. BOWMAN

I am Gary M. Bowman. I am over eighteen years of age and am competent to make this Declaration. This declaration amends the Declaration filed by me on March 27, 2015. The portions of the March 27, 2015 declaration that are deleted herein are shown by strikeouts, and the portions added to this declaration are shown in italics.

1. On January 16, 2014, the plaintiff filed a Complaint, seeking a judgment against the defendant for 13 separate Trust Fund Recovery Penalties (TFRPs)(which are listed in the Complaint as "Type of Tax"), but the Complaint did not state the identity of the corporate entities from which the TFRPs arose.

2. On March 12, 2014, the defendant filed an Answer, which alleged that the TFRP assessments, and the collection of the tax, was time-barred. Answer, ¶¶ 6-7, 10-11.

3. United American Holdings, Inc. was liquidated in bankruptcy by a Chapter 7 Bankruptcy Trustee in Case No. 01-00307. The bankruptcy case was filed on January 29, 2001 and was closed on January 31, 2002.

4. On April 21, 2014, the defendant propounded Interrogatory No. 5 to the plaintiff, as follows:

> INTERROGATORY NO. 5: Please state the basis for the assessment of 6672 tax against the defendant.

5. On May 27, 2014, the defendant responded by stating: "The information can be obtained through review of the Trust Fund Recovery Penalty files, the non-privileged portions of which will be produced." The defendant did not produce the Trust Fund Recovery Penalty files at that time, however, leaving the defendant with no information as to the basis of the assessment of the TFRPs.

6. On June 6, 2014, the plaintiff produced to the defendant (as Bates Stamp Nos. 609-677) a copy of the United American Holdings, Inc. Trust Fund Recovery Penalty files, which contained no information as to whether United American Holding, Inc. filed the 941 returns which are the basis of the TFRPs assessed against Mr. Wallis. Form 2751 ("Proposed Assessment of Trust Fund Recovery Penalty")(attached to the defendant's memorandum as Exhibit C) in the files (USA 0657) showed that tax returns were filed for seven quarters identified in the complaint and TFRPs were assessed for those quarters, all relating to United American Holdings, Inc. There was no other Form 2751 in the TFRP file relating to United American Holdings, Inc. The defendant inferred from the plaintiff's interrogatory answer and the TFRP file (which included the Form 2751) that the seven TFRPs listed on Exhibit A as ID Nos. 8 and 8A, 9, 10, 11 and 11A, 12 and 12A, 13, 14 and 14A related to United American Holdings, Inc.

6. On June 11, 2014, the defendant propounded Requests for

Admissions to confirm its inference. The defendant propounded Request for Admission 20, which stated:

> 20. Please admit that United American Holdings, Inc. filed on April 30, 2000 a 941 tax return for the period ending March 31, 2000.

7. On July 23, 2014, the plaintiff responded to Request for Admission 20, as follows, in language which itself drafted:

> RESPONSE: The United States objects to this request as vague and ambiguous. The United States admits that on or about April 30, 2000 United American Holdings, Inc. filed an employment tax (Form 941) return for the tax period ending March 31, 2000.

8. On June 11, 2014, the defendant propounded Requests for Admissions 23, which stated:

> 23. Please admit that United American Holdings, Inc. filed on July 31, 2000 a 941 tax return for the period ending June 30, 2000.

9. On July 23, 2014, the plaintiff responded to Request for Admission 23, as follows, in language which itself drafted:

> RESPONSE: The United States objects to this request as vague and ambiguous. The United States admits that on or about July 31, 2000 United American Holdings, Inc. filed an employment tax (Form 941) return for the tax period ending June 30, 2000.

10. On June 11, 2014, the defendant propounded Requests for Admissions 26, which stated:

> 26. Please admit that United American Holdings, Inc. filed on October 31, 2000 a 941 tax return for the period ending September 30, 2000.

11. On July 23, 2014, the plaintiff responded to Request for Admission 26, as follows, in language which itself drafted:

> RESPONSE: The United States objects to this request as vague and ambiguous. The United States admits that on or about October 31, 2000 United American Holdings, Inc. filed an employment tax (Form 941) return for the tax period ending September 30, 2000.

12. On June 11, 2014, the defendant propounded Requests for Admissions 30, which stated:

> 30. Please admit that United American Holdings, Inc. filed on July 31, 2000 a 941 tax return for the period ending December 31, 2000.

13. On July 23, 2014, the plaintiff responded to Request for Admission 30, as follows, in language which itself drafted:

> RESPONSE: The United States objects to this request as vague and ambiguous. The United States admits that on or about January 31, 2001 United American Holdings, Inc. filed an employment tax (Form 941) return for the tax period ending December 31, 2000.

14. On June 11, 2014, the defendant propounded Requests for Admissions 35, which stated:

> 35. Please admit that United American Holdings, Inc. filed on July 3, 2002 a 941 tax return for the period ending March 31, 2001.

15. On July 23, 2014, the plaintiff responded to Request for Admission 35, as follows, in language which itself drafted:

> RESPONSE: The United States objects to this request as vague and ambiguous. The United States admits that on or about July 3, 2002 United American Holdings, Inc. filed an employment tax (Form 941) return for the tax period ending March 31, 2001.

16. On June 11, 2014, the defendant propounded Requests for Admissions 38, which stated:

> 38. Please admit that United American Holdings, Inc. filed on July 3, 2002 a 941 tax return for the period ending June 30, 2001.

17. On July 23, 2014, the plaintiff responded to Request for Admission 38, as follows, in language which itself drafted:

> RESPONSE: The United States objects to this request as vague and ambiguous. The United States admits that on or about July 3, 2002 United American Holdings, Inc. filed an employment tax (Form 941) return for the tax period ending June 30, 2001.

18. On June 11, 2014, the defendant propounded Requests for Admissions 42, which stated:

> 42. Please admit that United American Holdings, Inc. filed on July 3, 2002 a 941 tax return for the period ending September 30, 2001.

19. On July 23, 2014, the plaintiff responded to Request for Admission 38, as follows, in language which itself drafted:

> RESPONSE: The United States objects to this request as vague and ambiguous. The United States admits that on or about July 3, 2002 United American Holdings, Inc. filed an employment tax (Form 941) return for the tax period ending September 30, 2001.

20. These defendant interpreted those responses as confirming the defendant's inference as to which line items in the Complaint matched which taxes listed in the TFPR files produced by the plaintiff. The defendant accepted the plaintiff's Admissions that United American Holdings, Inc. had filed the returns, and has based its strategy in the case on those Admissions. Specifically, the defendant concluded that the TFRPs covered by Requests for Admissions 20, 23, 26, 30, 35, 38, and 42 were time-barred, and has based its defense of this case upon the conclusion that the TFRPs were time-barred and no other defense to the TFRPs need be presented.

21. The plaintiff has been on notice since no later than November 24, 2014 that the defendant has relied on its Admissions. For example, a Settlement Conference was held before Judge Hoppe on December 9, 2014. Exhibit A (the portion of Exhibit A relevant to the United American Holdings, Inc. attached to the defendant's memorandum as Exhibit A) to the defendant's Settlement Conference memorandum, was delivered in person by me

to plaintiff's counsel in Washington, D.C. on 24, 2014. It shows that the filing dates stated in Requests for Admissions 20, 23, 26, 30, 35, 38, and 42, and that the plaintiff's limitations period calculation, on the basis of the Admissions, is the basis of the defendant's defense to the TFRPs related to the tax returns covered by Requests for Admissions 20, 23, 26, 30, 35, 38, and 42.

22. On December 9, 2014, plaintiff's counsel stated that the defendant's statute of limitations argument was contradicted by IRS documents relating to a "collection due process hearing." Plaintiff's counsel claimed to be receiving over his telephone at the time he was making the argument. Plaintiff's counsel said that he would provide the documents to the defendant by December 16, but plaintiff has never produced the documents.

23. On December 19, 2014, in this Court, I argued that plaintiff had never produced the documents to which he referred on December 9. On December 24, 2014, this Court ordered plaintiff to "confirm with Wallis that <u>all</u> documents within its possession have been produced and appropriately Bates-numbered within thirty (30) days of the date of this order" (Docket No. 43, ¶ 3) (emphasis added). On January 23, 2015, defendant's counsel sent plaintiff's counsel the letter attached to the defendant's memorandum as Exhibit B, which does not confirm that the plaintiff has produced to defendant <u>all</u> of its documents. In fact, the defendant has never produced the documents to which it referred on December 9, 2015, that defendant's counsel said he was then receiving on his telephone. Further, the defendant

produced to the plaintiff ~~over 10,000~~ *8500* pages of documents, none of which are Bates-numbered *in a way that defendant can print the documents with Bates numbers. The documents produced by the plaintiff on September 30, 2014 were produced on a disk. The disk was not accessible, but required the defendant and counsel to download software from the internet to "unzip" the files. Once unzipped, the disk contains 4313 separate .pdf files, each of which must opened (or at least clicked on) to print. Assuming that each document could be opened and printed within one minute, it would take 72 hours to print the documents, or more than a full work week. The defendant employed Small Business Financial Services (SBFS) to print the documents, because the task of printing the documents was so time-consuming, tedious, and expensive. SBFS was not able to print the documents with Bates numbers (see Attachment A). Defendant's counsel has repeatedly tried to print at his office the documents with Bates numbers, but he cannot get the numbers to print. Defendant's counsel took one of the .pdf files to the Roanoke County library, and was able to print the file with Bates numbers. However, it is not practical for defendant's counsel to print the 8500 pages at the library.*

24. At this point in the case, ~~the defendant does not know which TFRPs are related to which entities, because the plaintiff has failed to respond to Interrogatory No. 5, even though the defendant propounded Interrogatory No. 5 on April 21, 2014, at the very beginning of the case~~ the defendant has requested that the plaintiff file a Stipulation identifying the TFRPs by entity

*in lieu of an Amended Complaint, and plaintiff's counsel has said that he may file an Amended Complaint.*

25. Already, apart from the motion to withdraw its Admissions, the plaintiff has sand-bagged[1] the defendant, changing the case, concealing its nature, and misleading the defendant as to the true nature of the case, in at least three ways:

- o  The Complaint does not identify what entities were the source of which TFRPs. The defendant asked in its initial interrogatories (Interrogatory No. 5) the source of the TFRP liability. The plaintiff did not answer the interrogatory, but referred the defendant to the IRS' TFRP file, which the plaintiff did not then produce. Once the file was produced, the plaintiff propounded clear and direct Requests for Admissions as to the entity that filed 941 tax returns and the date of the filing. The plaintiff unambiguously admitted the Requests for Admissions, leading the defendant to believe that the TFRPs were time-barred, but now, nine months later, seeks to withdraw its Admissions.

- o  The defendant's counsel claims to have received documents on his telephone on December 9, 2014, which show that the defendant participated in a collection due process hearing, which could have the effect, if defendant's claim is true, of tolling the limitations periods upon which the defendant relies. Defendant's counsel stated that it would provide the documents, but has failed to do so. On December 19, 2014, in this Court, defendant's counsel argued that plaintiff had never produced the documents to which he referred on December 9. On December 24, 2014, this Court ordered plaintiff to "confirm with Wallis that <u>all</u> documents within its possession have been produced and appropriately Bates-numbered within thirty (30) days of the date of this order" (Docket No. 43, ¶ 3) (emphasis added). On January

---

[1]  In this context, meaning: "to downplay or misrepesent one's ability in a game or activity to deceive (someone), especially in gambling." www.thefreedictionary.com/sandbagged

23, 2015, defendant's counsel sent plaintiff's counsel the letter attached as Exhibit B, which does not confirm that the plaintiff has produced to defendant <u>all</u> of its documents. In fact, the defendant has never produced the documents to which it referred on December 9, 2015, that defendant's counsel said he was then receiving on his telephone. Further, the defendant produced to the plaintiff over 10,000 pages of documents, <u>none of which are Bates-numbered</u>.

o   On January 15, 2015, the defendant agreed to the deposition of William Pugh, a key witness in the case, for Friday, February 27, 2015, in Greensboro, North Carolina. On Thursday, February 19, 2015, during a telephone conference regarding deposition scheduling, plaintiff's counsel agreed to defendant's counsel's request to depose the plaintiff on March 31, 2015. On Monday, February 23, four days before the scheduled deposition of Pugh, defendant's counsel (without any notice to plaintiff's counsel) re-noticed Pugh's deposition for April 2, 2015, so that it would be after the plaintiff's deposition. Defendant's counsel intentionally misled plaintiff into agreeing to be deposed on March 31, on the pretext that it would be after Pugh's deposition, and then re-noticed the deposition without any notice to, or consultation with, plaintiff's counsel as to whether plaintiff agreed to the re-noticing of Pugh's deposition.

I make this declaration under Penalty of Perjury pursuant to 28 U.S.C. § 1746.

By: /s/ GARY M. BOWMAN

April 1, 2015



**Re: WALLIS DOCUMENTS**

**SBFS**  Mar 27 at 10:17 AM
To  me
CC  William Wallis

Gary,

I returned the jump drive containing the 1st set, and the CD containing the 2nd set to Bill. The format used for the 2 sets was entirely different.

On the first set, we were sent individual PDF files.

On the second set, they sent us a passworded zip file, for which I had to download a specific program from the internet in order to unzipped. Then I had to use a second specific program to read the unzipped files.

I wish the first set had the page numbers, it would have made copying much easier.

> On 3/27/2015 11:00 AM, gary bowman wrote:
>
> Hazel: You have printed two sets of documents for Bill Wallis. The first set does
> not have page numbers or Bates stamp numbers--or at least the printed pages you
> provided to Bill, who provided them to me, do not have Bates stamp numbers. Can you
> check the disc from the IRS and see if there are Bates stamp numbers that for some
> reason do not appear on the printed pages? AGAIN--THIS RELATES TO THE FIRST SET OF
> DOCUMENTS. THE SECOND SET HAS BATES STAMP NUMBERS. Sincerely, Gary.
>
> Gary M. Bowman, Attorney at Law
> 2728 Colonial Ave., Ste. 100
> Roanoke  VA  24015
> Tel: (540) 343-1173
> gary@garymbowman.com

ATTACHMENT A