IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

WILLIAM WALLIS,

    *Defendant.*

CASE NO. 6:14-cv-00005

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

Defendant William Wallis has filed objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert S. Ballou, which recommended that I grant Plaintiff's motion for entry of final judgment and dismissal of claims related to Nitti Family Enterprises. The R&R recommends that I enter judgment against Wallis for unpaid personal income taxes and trust fund taxes. (Dkts. 198, 228). Having reviewed the R&R and the record, I will overrule all objections and adopt the R&R in full. Accordingly, Plaintiff's Motion for Entry of Judgment, (dkt. 198), will be granted, the remaining claims related to Nitti Family Enterprises, Inc. will be dismissed, and judgment will be entered in favor of the Government against Wallis as set forth below:

Personal income tax (Form 1040):

| Tax Period | Final Judgment Amount |
|---|---|
| 1998 | $17,341.60 |
| 1999 | $15,098.88 |
| 2000 | $13.700.36 |
| 2002 | $10.445.64 |
| Total: | $56,586.48 |

United American Holding, Inc. quarterly employee withholding tax:

1

| Tax Period | Final Judgment Amount |
|---|---|
| 03/31/1999 | $19,443.81 |
| 06/30/1999 | $21,448.24 |
| 09/30/1999 | $21,298.73 |
| 03/31/2000 | $18,096.06 |
| 06/30/2000 | $52,887.56 |
| 09/30/2000 | $39,858.94 |
| 12/31/2000 | $47,047.05 |
| 03/31/2001 | $37,047.05 |
| 06/30/2001 | $44,453.55 |
| 09/30/2001 | $41,120.10 |
| Total: | $342,701.09 |

Boss Management Group, Inc. quarterly withholding tax:

| Tax Period Final | Judgment Amount |
|---|---|
| 12/31/2000 | $5,442.64 |
| 03/31/2001 | $10,843.29 |
| 09/30/2001 | $10,843.29 |
| 06/30/2002 | $3,884.34 |
| 09/30/2002 | $1,091.29 |
| 12/31/2002 | $3,325.98 |
| Total: | $35,430.83 |

## I. FACTUAL AND PROCEDURAL HISTORY

I previously set forth the underlying facts of this case in my memorandum opinion of February 1, 2016, granting the Government's motion for summary judgment in part. *See United States v. Wallis*, 2016 WL 411020 (W.D. Va. Feb. 1, 2016); (dkt. 185). As most of the facts are not relevant at this stage of the case, they will not be repeated here. The main thrust is that the Government alleges Defendant failed to pay trust fund taxes for three closely held companies that he owned and operated: United America Holdings, Inc. ("United"), Boss Management Group, Inc. ("Boss"), and Nitti Family Enterprises, Inc. ("Planet Pizza"). In addition, the Government is seeking payment of unpaid personal income taxes from the taxable years 1998,

1999, 2000, and 2002.

On February 1, 2016, the Court granted partial summary judgment, finding Defendant liable for the unpaid personal taxes as well as the unpaid trust fund taxes of United and Boss, but the Court did not make a determination as to the amount of tax liability, nor did the Court grant summary judgment regarding the claims related to Planet Pizza. *Wallis*, 2016 WL 411020 at \*11; (dkt. 185 at 22). The Government then moved for entry of final judgment under Rule 54(b).[1] (Dkt. 198). The motion asked the Court to dismiss the claims related to Planet Pizza and enter final judgment in the following amounts: $56,586.48 related to personal income taxes, $35,430.83 related to Boss, and $342,701.09 related to United, plus statutory interest, penalties, and costs. (*Id.* at 4–6). The parties then filed briefs, and a hearing was held before Magistrate Judge Robert S. Ballou. (Dkts. 198, 205, 206, 209). Judge Ballou's R&R recommended that I grant the Government's motion in its entirety. (Dkt. 228). Plaintiff objected to portions of Judge Ballou's R&R on the grounds that the IRS inaccurately calculated the amount of unpaid taxes and should not enjoy a presumption of correctness. (Dkt. 229).

## II. Standard of Review

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit . . . proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). "[A]ny party may serve and file written objections to such proposed findings and recommendations" within fourteen days after service. *Id.* at § 636(b)(1). The district court is then required to "make a de novo review of those portions of the report . . . to

---

[1] Because the Government's motion also asks the Court to voluntarily dismiss the claim related to Planet Pizza, the judgment requested need not be pursuant to Rule 54(b). Following dismissal of the Planet Pizza claims, the judgment requested resolves all of the pending claims. Accordingly, this motion is in essence a Rule 56 motion for summary judgment as to damages, not a Rule 54(b) motion.

3

which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b). For those portions of the R&R to which a party does not object, a district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

### III. DISCUSSION

Defendant lodges two objections to Judge Ballou's R&R. First, Defendant argues that estimated returns prepared by the IRS are incorrect because they employ a 20% withholding rate, when 11% was the proper rate. (Dkt. 229 at 10). Second, Defendant argues that the presumption of correctness typically afforded to the IRS is contradicted and undermined by discrepancies between different documents filed by the IRS in the past year. (*Id.* at 21). Both of these objections will be considered in turn and overruled.

*A. The Withholding Rate*

Defendant's first objection to the R&R is that it overstates the amount of tax liability related to United and Boss because the IRS used an improper withholding rate when preparing estimated Form 941 returns ("941s"). (Dkt. 229 at 10). Because the IRS's assessment receives a presumption of correctness and Defendant has failed to provide substantial evidence that the assessment is incorrect, this objection will be overruled.

We begin with the well-established principle that IRS tax assessments enjoy a presumption of correctness, and these assessments can be used to establish a prima facie case. *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002). Once a prima facie case has been made, "the burden is upon the taxpayer to establish that the Commissioner's determination was erroneous" by providing "substantial evidence contrary to the Commissioner's finding." *United*

4

*States v. Pomponio*, 635 F.2d 293, 296, 297 n.4 (4th Cir. 1980).

Defendant argues that he has presented substantial evidence that the IRS's use of a 20% withholding rate in creating its estimated 941 returns was "arbitrary and excessive." *Cebollero v. Commissioner*, 967 F.2d 986, 990 (4th Cir. 1992). As evidence for this claim, Defendant presents W-3s from some of the years in question and 941s from other years that he believes show a withholding rate of roughly 11%, as opposed to the 20% rate used by the IRS to create estimated 941s for the years that Defendant failed to file. (Dkt. 229 at 3–6). While these documents may appear compelling when packaged together and viewed in a vacuum, they are contradicted by other evidence in the record, and thus they fail to qualify as "substantial evidence" to rebut the presumption of correctness. *Pomponio*, 635 F.2d at 297 n.4.

Defendant uses cherry-picked documents in an attempt to construct the following narrative: United and Boss consistently withheld 11% of their employees' wages before, during, and after the periods in question, so the IRS should have used an 11% withholding rate in their estimated 941s. The problem, however, is that these documents are not as convincing as they seem. First, the W-3s from the periods in question are directly contradicted by other wage documents in the record, thus undermining their credibility. Specifically, the W-3s from the years in question claim total wages that differ from other documents submitted during the litigation. (*See, e.g.*, dkt 138-3 at 1 (reporting $360,251 in wages in 2001); dkt. 126-52 at 1–2, 28–32 (reporting $335,616.27 in payroll expenses in 2001); dkt. 205 at 13 (reporting $224,381.79 in wages to the Virginia Employment Commission in 2001)). This kind of inconsistency is hardly "substantial evidence."

Second, Defendant's 941s from other periods are poor indicators of the withholding rate during the periods in question. Personnel and wages change regularly, so 941s from one

5

quarter—while somewhat predictive of other quarters—do not prove with certainty the withholding rate during other timeframes. Defendant's evidence amounts to nothing more than theory, speculation, and conjecture—not substantial evidence. We may never know the proper amount of tax withheld by Defendant during the periods in question, and Defendant has failed to rebut the presumption of correctness.

The simple fact here is that Defendant repeatedly failed to file the required tax forms. That is why this case is before the Court in the first instance, and that is why the IRS had to prepare estimated 941s for the periods in question. Furthermore, Defendant failed to keep adequate records as required by law, *Wallis*, 2016 WL 411020 at *7; (dkt. 185 at 15), so the IRS had limited information available at the time of assessment. *Wallis*, 2016 WL 411020 at *7; (dkt. 185 at 12). In order to undermine these estimates, Defendant has provided the Court with cherry-picked documents and self-serving testimony. Such evidence is insufficient to rebut the presumption of correctness or establish the estimate as arbitrary and excessive. Defendant cannot be allowed to benefit from his own failure to pay taxes and maintain proper records. *See Jones v. Commissioner*, 903 F.2d 1301, 1303 (10th Cir. 1990) ("[A] taxpayer who has abandoned the advantage of mathematical precision by failing to keep adequate records cannot complain that the [Service's] assessment is based on estimates.").

B. *Presumption of Correctness*

Defendant raises a second, broader objection to the R&R on the grounds that the "the 'presumption of correctness' of all the assessments is contradicted by the 7 other documents filed by the IRS in the past year, stating that Wallis owes different amounts for the same tax periods." (Dkt. 228 at 21). Defendant argues that the IRS, through various filings in this and other courts, has manipulated the nature and amount owed by Defendant to suit its needs, and thus should not

6

enjoy the presumption of correctness. (*Id.* at 21–25). Defendant goes as far as to imply that IRS officials have perjured themselves, and he accuses government counsel of lying to the magistrate judge. (*Id.* at 22). Nevertheless, Defendant cites no statutory authority or case law in support of his claim that the presumption of correctness should be rejected in this case. The Court sees no legitimate reason why the well-established presumption of correctness should be discarded when considering the IRS's assessments. *Fior D'Italia*, 536 U.S. at 242. Accordingly, Defendant's second objection will be overruled.

### IV. CONCLUSION

I have reviewed the record, considered the objections filed by Defendant and the arguments made by the Government in response, reviewed the R&R for clear error, and made de novo findings on the portions of the R&R to which Defendant objected. For the reasons stated above, I will adopt and approve the findings and recommendations set forth in the R&R of the United States Magistrate Judge, in full, and I will grant the Government's Motion for Entry of Final Judgment. An appropriate Final Judgment will issue.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record and to United States Magistrate Judge Robert S. Ballou.

Entered this  8th   day of March, 2017.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE